## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION
## LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 5:22-cr-00012-DCR-MAS-1** |
| **v.** | ) | |
| | ) | |
| RONDALL S. HOLLINGSWORTH, | ) | |
| | ) | |
| **Defendant.** | ) | |

## DETENTION OPINION AND ORDER

The Indictment alleges that Defendant Rondall S. Hollingsworth possessed a firearm as a convicted felon and in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 922(g)(1) and 924(c)(1)(A), and distributed on various occasions quantities of fentanyl, methamphetamine, cocaine, and tramadol, in violation of 21 U.S.C. § 841(a)(1). [DE 1]. The United States orally sought detention per 18 U.S.C. §§ 3142(f)(1)(C) and (E), and the Court conducted a detention hearing on March 3, 2022. [DE 14]. The Court afforded both sides all procedural rights outlined in the Bail Reform Act ("BRA"). Per Federal Rule of Appellate Procedure 9(a) and for the reasons discussed in this opinion and as stated on the hearing record, the Court grants the Government's motion for detention.

## I.    BRA FRAMEWORK

Based on the charges, a detention presumption arises under the BRA as to both nonappearance and danger risk. 18 U.S.C. § 3142(e)(3)(A). The BRA and *United States v. Stone*, 608 F.3d 939, 945–46 (6th Cir. 2010), frame the resulting inquiry. The presumption imposes on the defendant a threshold "burden of production"; in response, "he must introduce at least some

1

evidence" that he poses neither a flight nor a danger risk.  *Stone*, 608 F.3d at 945; *see also United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986) (imposing a responsive burden on the defendant to produce "some evidence that he will not flee or endanger the community if released"); *United States v. Hernandez*, No. 1:02-CR-006, 2002 WL 1377911, at *2 (E.D. Tenn. Feb. 27, 2002) (requiring the defendant to "produc[e] probative, credible evidence to rebut the presumption and support his contention that he will appear . . . and [that] he does not pose a danger").  The production burden "is not heavy," and the Government retains the ultimate burden of persuasion. *Stone*, 608 F.3d at 945.  An unrebutted presumption requires detention.  A rebutted presumption remains a pro-detention statutory factor.  *See id.* ("The presumption remains as a factor because it . . . reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial.").

Where a defendant rebuts the presumption, the burden shifts back to the United States. Detention premised on nonappearance requires preponderant evidence of flight risk.  *See, e.g.*, *United States v. Patriarca*, 948 F.2d 789, 793 (1st Cir. 1991); *United States v. Curry*, No. 6:06-CR-82-DCR, 2006 WL 2037406, at *6 (E.D. Ky. Jul. 18, 2006).  Danger-based detention, however, demands clear and convincing evidence that no combination of conditions will reasonably ensure community safety.  18 U.S.C. § 3142(f).  The analyses are distinct.  Conditions that sufficiently target nonappearance risk may not adequately address danger potential.  *See United States v. Mercedes*, 254 F.3d 433, 436-37 (2nd Cir. 2001).  Further, condition effectiveness inherently hinges on a defendant's predicted good faith compliance.  *See United States v. Tortora*, 922 F.2d 880, 887 (1st Cir. 1990) (characterizing predicted compliance as critical release component); *United States v. Hir*, 517 F.3d 1081, 1092 (9th Cir. 2008) (noting the "critical flaw" in a set of proposed release conditions: "In order to be effective, they depend on [the defendant's]

2

good faith compliance."); *id.* at 1093 n.13 (observing that, barring a "replica detention facilit[y]," the success of any condition combination necessarily "hinge[s] on [the defendant's] good faith compliance").

Evidence rules do not apply in the detention hearing context.  18 U.S.C. § 3142(f).  The key is simply evidentiary reliability and accuracy.  *See, e.g.*, *United States v. Webb*, 149 F.3d 1185 (Table), No. 98-1291, 1998 WL 381686, at \*1 (6th Cir. June 22, 1998).  Given hearing informality, the Court properly considers a wide range of proof.  The nature and quality of proof, though, impacts its probative value and weight in the detention calculus.  The § 3142(g) factors ultimately drive the overarching analysis.[1]

---

[1] The subsection directs the Court to balance the following:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
(2) the weight of the evidence against the person;
(3) the history and characteristics of the person, including--
    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g).

## II.   <u>ANALYSIS</u>

As the Court's ruling and discussion on the record reflects, Hollingsworth did not rebut the presumption as to either flight or danger risk.  Thus, Detention is required.  In any event, even if Hollingsworth had initially rebutted the presumption as to either flight or danger, the Court finds that the balance of BRA factors demonstrates that Hollingsworth presents a serious danger risk and that no conditions can adequately address that risk.  Accordingly, the Court further finds that Hollingsworth's detention is required under the BRA on this basis.

### A.   <u>DETENTION PRESUMPTION</u>

To rebut the detention presumption, Defendant proffered that, if released, he would promptly seek to resolve the outstanding state warrant for absconding supervision and failing to report in relation to felony methamphetamine and cocaine convictions out of Bourbon County. [*See* Pretrial Services Report ("PSR") at 7].  Hollingsworth also stated that he would voluntarily submit to inpatient treatment for his heroin use disorder, and the Court perceives Hollingsworth's representation as genuine.  [*See id.* at 3 (self-reporting heroin addiction and "experimental" methamphetamine use)].  However, although the Court appreciates Hollingsworth's voiced intent to resolve the active warrant and to commit to needed substance use disorder treatment, his speculative and undefined assurances cannot constitute credible proof to rebut the presumption.

First, Hollingsworth did not offer any concrete, factual basis to believe that the state court would not seek his detention in relation to the alleged probation violations, pending in felony drug cases, if he were released in this federal matter.  Second, though the Court believes that Hollingsworth genuinely intends to engage with needed substance use disorder treatment, he did not identify any specific inpatient facility or program that would be appropriate for Hollingsworth's treatment needs, willing to accept him and offer him placement quickly, and

practicable and effective on the limited pretrial timeline.  Without more as to these details, this information does little to support Hollingsworth's pretrial release.  Moreover, the active state warrant for absconding supervision in relation to recent felony drug cases and Hollingsworth's heroin use disorder issues are both serious matters that demonstrate foundational flight and danger risks.  The Court is not persuaded by the information before it that the flight and danger risks associated with these issues can be adequately resolved or addressed during the pretrial process.

Consequently, the Court finds that Hollingsworth has not produced sufficiently probative, credible evidence to rebut the presumption, and despite the relatively low bar, finds that it persists and requires detention in this case.  *See Hernandez*, 2002 WL 1377911, at *2; *Stone*, 608 F.3d at 945.

## B.   DANGER FACTORS

For completeness, the Court also outlines the considerations that require Hollingsworth's detention based on danger risk, independent of the detention presumption.  As discussed below, each BRA factor weighs firmly in favor of detention based on risk of danger to the community.

The first BRA factor is the "nature and circumstances of the offense charged, including whether the offense . . . involves a . . . controlled substance, [or] firearm[.]"  18 U.S.C. § 3142(g)(1).  The alleged offenses feature a volatile mix of narcotics distribution and firearms. Given the applicable presumption (which remains a pro-detention consideration, even if rebutted), the BRA manifestly signals Congressional belief in the inherent, exceptional dangerousness of the at-issue offenses.  *See United States v. Taylor*, 289 F. Supp. 3d 55, 64 (D.D.C. 2018) (finding that the drug and gun offenses charged were "undeniably serious" and observing that "the combination of the distribution of drugs and the illegal possession" of firearms presented a serious danger to the community).  This factor strongly favors detention.

5

The next consideration gauges "the weight of the evidence against the person." 18 U.S.C. § 3142(g)(2). "This factor goes to the weight of evidence of dangerousness, not the weight of the evidence of defendant's guilt." *Stone*, 608 F.3d at 948. There is significant risk in this case that Defendant would continue to engage in drug-related conduct if released pretrial based on his history of similar and other criminal conduct, past violations of court-imposed conditions, and serious heroin use disorder issues that cannot be effectively managed with available pretrial conditions. *See Stone*, 608 F.3d at 947 n.6 ("To be sure, drug trafficking is a serious offense that, in itself, poses a danger to the community."); *United States v. Pina-Aboite*, 97 F. App'x 832, 836 (10th Cir. 2004) (emphasizing that "the danger-to-the-community factor is not simply about physical violence; the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the community").

Hollingsworth has a lengthy and varied criminal history. His prior convictions for assault and burglary, though dated, still indicate some propensity for violence and are concerning in light of the alleged firearm involvement in this case. [PSR at 4-5]. Additionally, though Defendant's convictions spanning 2013-17 are non-violent and largely involve petty theft and forgery, close inspection of the PSR reveals a likely connection to substance use (including alcohol) threaded throughout this period. [PSR at 5-7 (reflecting among other things a 2013 DUI conviction, 2013 theft and forgery convictions with court-ordered treatment and custodial credit for the same, a 2014 theft conviction, and a 2017 DUI conviction with ultimately dismissed charges for possession of drug paraphernalia and possession of an unspecified controlled substance)].[2]

---

[2] It is not clear from the PSR or related record whether Hollingsworth struggled during this period with alcohol, controlled substances, or some combination of the two. Hollingsworth represented to the Probation Office that he has used alcohol only socially in the past and that he did not begin to struggle with heroin or methamphetamine until age 30 (*i.e.*, approximately 2019).

Most problematically, Hollingsworth's criminal activity sharply escalated in August 2020 when he was arrested for possession of methamphetamine and heroin and for promoting contraband; he was convicted in 2021 of all three offenses and was sentenced to a suspended three-year term of imprisonment.  [PSR at 7].  Hollingsworth was under supervision for these controlled substance offenses at the time he allegedly committed the instant offenses.  He also has other, previous violations of court-imposed conditions.  [*Id.* at 4-7].  It is further concerning that his drug-related criminal conduct and personal substance use have both escalated in recent years, with the 2021 felony cases and the instant allegations involving some substances that Defendant denies using, suggesting expanding trafficking conduct well beyond supporting any personal addiction.  Still, Hollingsworth's substantial personal substance use disorder issues—though they themselves do not render Defendant dangerous or warrant his detention—do increase his vulnerability to reengaging in drug activity generally and indicate some danger risk.  For all of these reasons and given the overlap between Defendant's substance use issues, his criminal history, and the instant alleged offenses, the second BRA factor weighs in favor of detention.

The third BRA factor likewise favors detention, for many of the reasons previously noted—namely, Defendant's criminal history, his history of violating conditions, and his substance use disorder issues.  *See* 18 U.S.C. § 3142(g)(3)(A) (considering the defendant's past conduct, history relating to drug or alcohol abuse, and criminal history).  Particularly relevant is the fact that Hollingsworth was on pretrial release (following an August 2020 arrest) for the Bourbon County felony drug charges when he allegedly committed the instant federal offenses in September,

---

Despite this, it is evident from the DUI convictions and ordered treatment that Defendant suffered from some sort of substance use disorder issues that, based on the timeline and nature of offenses, appear to relate at least tangentially to the period of theft activity.

October, and November of 2020.  [PSR at 7; DE 1].  *See* 18 U.S.C. § 3142(g)(3)(B) (considering "whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law").  He was on post-conviction supervision for the state drug offenses at the time of his arrest in this case.  [PSR at 7; DE 11 (Sealed Executed Arrest Warrant reflecting arrest on February 18, 2022)].  As mentioned, Hollingsworth also has an active warrant related to these cases for failing to report and for absconding supervision.  [PSR at 7].  The Government credibly proffered at the detention hearing that the alleged violations underlying the warrant did not result from Hollingsworth's arrest or detention in this federal matter but, rather, from conduct preceding his federal arrest.  [Hearing Recording at 05:30-06:35].  Defendant also has not maintained consistent, legitimate employment in recent years.  [PSR at 2].  These considerations collectively tilt the § 3142(g)(3) factor toward detention.

The fourth and final factor is "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."  18 U.S.C. § 3142(g)(4).  The nature of the potential danger—the risk of continued trafficking in narcotics, together with the presence of firearms—is grave.  *See, e.g., United States v. Flowers*, No. 3:05-CR-72, 2005 WL 1981364, at *4 (E.D. Tenn. Aug. 17, 2005) (observing that the "sale of drugs [ ] establish[es] a significant danger" and "[t]he addition of guns to the equation only increases that danger").  This is particularly true given Defendant's overlapping criminal background and history of violating court-imposed conditions.  Thus, for the reasons already discussed at length, this factor also favors detention.

Accordingly, all four BRA factors support pretrial detention based on danger in this case.

C.   **A**VAILABILITY OF **C**ONDITIONS

Lastly, the Court finds that no concrete conditions can adequately assuage the demonstrated danger concerns Hollingsworth presents.  The Indictment charges Hollingsworth's participation in several controlled narcotics buys in late 2020, with surrounding firearm possession and use in furtherance of the drug trafficking offenses.  Given Hollingsworth's criminal history and history of probation violations, the Court is not persuaded on this record that even strict conditions such as home detention and electronic monitoring would reasonably assure cessation of Defendant's drug conduct.  *See, e.g.*, *United States v. Nova*, No. CR 16-060-02 S, 2016 WL 6471205, at *2 (D.R.I. Nov. 1, 2016) (finding that electronic monitoring and home detention conditions would not be effective to mitigate danger where the defendant could easily participate in the charged drug distribution scheme from his home).

Nor is the Court aware of any available, appropriate inpatient drug treatment facility or program that would accept and actually be able to help Hollingsworth during the relatively short pretrial period, despite Defendant's general advocacy for inpatient treatment as an alternative to pretrial detention.  Many inpatient facilities require a greater time commitment than the pretrial period, constrained significantly by the Speedy Trial Act, allows.  And, even where such expedited programs may exist, it can be difficult to ensure that participating defendants are routinely available for court proceedings and meetings with counsel, as are critical during the pretrial process.  Moreover, even with an appropriate facility/program identified that fits Hollingsworth's treatment needs and the pretrial posture—and no such facility or program has been identified on this record—it is not at all clear when or if Hollingsworth would be able to secure placement there. Ultimately, with all these uncertainties and the undeniable need to manage Defendant's serious substance use disorder during any release term, the Court does not find on this record that it can

craft adequate conditions to reasonably assure that Defendant will not return to drug activity and so endanger the community if released.

### III.     CONCLUSION

For the stated reasons, the Court finds that Defendant has not rebutted the detention presumption as to either flight or danger but that, even had he done so, the balance of BRA factors warrants pretrial detention based on Defendant's danger risk.  Both reasons independently justify detention.  Accordingly, the Court **GRANTS** the United States' oral detention motion.  As the BRA requires in this case, Defendant shall remain in custody pending trial.

The parties may appeal this Order under the terms of 18 U.S.C. § 3145(a).

Entered this the 9th day of March, 2022.



Signed By:
Matthew A. Stinnett
United States Magistrate Judge