UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Case No. 5:22-12-DCR-CJS<br>Civil Case No. 5:25-102-DCR-CJS |
| v. | ) ) | |
| RONDALL S. HOLLINGSWORTH, | ) ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on Rondall S. Hollingsworth's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed on March 28, 2025. (R. 43).[1] Pursuant to local practice, this matter has been referred to the undersigned for consideration and preparation of a Report and Recommendation under 28 U.S.C. § 636(b). After conducting a preliminary review of the § 2255 Motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, it will be recommended that Hollingsworth's § 2255 Motion **be denied** as untimely and without merit.[2]

---

[1] Although the Clerk of Court did not receive and file Hollingsworth's § 2255 Motion until April 2, 2025, it is deemed filed on March 28, 2025, the day Hollingsworth signed the Motion as sworn to by him under penalty of perjury (R. 43 at Page ID 151), which is also the date that the envelope was postmarked (R. 43-1 at Page ID 138). *See Towns v. United States,* 190 F.3d 468, 469 (6th Cir. 1999) (order) (applying the prison mailbox rule in a § 2255 proceeding, which rule deems a prisoner's motion filed on the date it is delivered to the proper prison officials for mailing); *see also* Rule 3(d), Rules Governing Section 2255 Proceedings for the United States District Courts.

[2] "[D]istrict courts are permitted, but not obliged, to consider, *sua sponte,* the timeliness of a state prisoner's habeas petition" as long as the court "accord[s] the parties fair notice and an opportunity to present their positions." *Day v. McDonough,* 547 U.S. 198, 209-10 (2006). *Day* extends to § 2255 cases and thus applies here. *Shelton v. United States,* 800 F.3d 292, 294 (6th Cir. 2015). This Report and Recommendation provides notice that Hollingsworth's grounds for relief are time-barred and facially without merit. Hollingsworth's period for filing objections (specified at the end of this Report and Recommendation) gives him the opportunity to present his position on these issues.

I.     BACKGROUND

On April 13, 2022, Hollingsworth, pursuant to a plea agreement (R. 23), entered a plea of guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 1), distribution of a mixture or substance containing methamphetamine and cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 4), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count 5).  (R. 1; R. 22).  On July 29, 2022, Hollingsworth was sentenced to 34 months of imprisonment on each of Counts 1 and 4 to run concurrently, and 60 months of imprisonment on Count 5 to run consecutively, for a total term of incarceration of 94 months, followed by 3 years of supervised release on each of Counts 1 and 4 and 5 years of supervised release on Count 5, all to run concurrently, for a total term of supervised release of 5 years.  (R. 29; R. 30).  Hollingsworth did not file a direct appeal to the United States Court of Appeals for the Sixth Circuit.

Hollingsworth's § 2255 Motion was filed on March 28, 2025.  (R. 43).  Hollingsworth alleges in his § 2255 Motion that his conviction under 18 U.S.C. § 924(c)(1)(A) for possession of a firearm in furtherance of drug trafficking (Count 5) should be vacated because his counsel was constitutionally ineffective in representing him by failing to raise the Supreme Court's decision in *United States v. Davis*, 588 U.S. 445 (2019), and instead encouraging him to accept the Government's plea offer.  (*Id.* at Page ID 150).[3]  However, before the Court can consider the merits of Hollingsworth's § 2255 Motion, it must first determine if his § 2255 Motion was timely filed.

---

[3] Hollingsworth sets forth three grounds in his § 2255 Motion, each associated with his contention that his conviction under 18 U.S.C. § 924(c) by guilty plea should be vacated in light of *United States v. Davis*.  (R. 43 at Page ID 143, 144, 146).  His statements in support of his grounds are difficult to follow, but he appears to be arguing that his counsel was ineffective because counsel never informed him that the Supreme Court in *Davis* held the residual clause of § 924(c) is unconstitutionally vague and that the residual clause therefore cannot be relied upon to conclude that, when Hollingsworth possessed a firearm, he did so in furtherance of a "crime of violence" as defined by that residual clause. (R. 43 at Page ID 143-44). Hollingsworth argues it was only because counsel misadvised him that his conduct violated the elements of the statute that he proceeded to plead guilty to the § 924(c) charge (Count 5).

**II.     ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") subjects § 2255 motions to a one-year filing limitation period. *See* 28 U.S.C. § 2255(f). The statute provides:

The [one-year] limitation period shall run from the latest of—

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). Subsection (f)(1) is the most commonly applicable provision, requiring a federal criminal defendant to file his § 2255 motion within one year of the conviction becoming final.

Here, under 28 U.S.C. § 2255(f)(1), Hollingsworth had one year after his conviction became final to file his Motion to Vacate. His Judgment was entered on July 29, 2022. (*See* R. 30). He did not file a direct appeal. Therefore, Hollingsworth's Judgment became final after his fourteen-day period to appeal expired on August 12, 2022. *See* Fed. R. App. P. 4(b)(1)(A)(i); *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004) ("[W]hen a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed."). Under 28 U.S.C. § 2255(f)(1), Hollingsworth therefore had one year from August 12, 2022—i.e., until August 12, 2023—to file his § 2255 Motion.

Hollingsworth did not file his Motion to Vacate until March 28, 2025, which was more than nineteen months after his one-year limitation period under AEDPA expired.

In limited circumstances, a defendant may be entitled to equitable tolling of AEDPA's one-year limitation period. *See Holland v. Florida,* 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)). Hollingsworth was given an opportunity to address timeliness at Question 18 on the standard filing form on which his § 2255 Motion was filed: "TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion." Hollingsworth responded to Question 18 as follows:

> The DAVIS D[E]CISION held that it applies retroactively the Court concluded that 924(c) conviction doesn't constitute a predicate crime of violence for a 924(c) violation is unconstitutional as the offen[s]e hadn't proved that the crime was an actual crime of violence to support a conviction. 924(c) residual clause was struck down in Johnson and due to it becoming reasonabl[y] available to movant when learning of these cases. The clause used to support the conviction of this statute is no longer valid because the predicate offen[s]e isn't a crime of violence, and this case just became knowingly available to Movant.

(R. 43 at Page ID 150). The Court understands Hollingsworth's response to be saying that, as he has been serving his sentence, he became aware of the Supreme Court's decisions in *United States v. Davis,* 588 U.S. 445 (2019), and *Johnson v. United States,* 576 U.S. 591 (2015); that he believes these cases apply to his circumstances, specifically that, based on *Davis* and *Johnson* his conviction under 18 U.S.C. § 924(c) is invalid; and that counsel ineffectively represented him because counsel did not argue the application of *Davis* and *Johnson* and instead encouraged him to enter a guilty plea to Count 5 of the Indictment, the § 924(c) charge. So, while Hollingsworth implicitly acknowledges he did not file his § 2255 Motion within one year of his Judgment becoming final, he submits that he only recently learned of this case law and, consequently, the ineffectiveness of his counsel's representation.

4

There are a few problems with Hollingsworth's argument. The first is that lack of access to a law library or lack of awareness of caselaw is not a sufficient basis to equitably toll Hollingsworth's one-year period to file his § 2255 Motion. The one-year limitations period for filing a § 2255 motion is subject to equitable tolling; however, Hollingsworth has not demonstrated he is entitled to its application in this case. *See Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749-50 (6th Cir. 2011) (citing *Holland,* 560 U.S. at 648). Equitable tolling "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson,* 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks omitted). But equitable tolling applies "sparingly," and the defendant must prove that he is entitled to such relief. *Id.* at 784. The Supreme Court set forth a two-part test under which a habeas petitioner is entitled to equitable tolling if he demonstrates that (1) "he has been pursuing his rights diligently," and that (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland,* 560 U.S. at 649 (internal quotation marks omitted). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Jurado v. Burt,* 337 F.3d 638, 643 (6th Cir. 2003) (internal quotation marks omitted).

The only equitable tolling argument Hollingsworth offers is that *Davis* and *Johnson* were not previously "reasonabl[y] available" to him, and he filed his § 2255 Motion when he learned of these cases. (R. 43 at Page ID 150). But such lack of access to legal materials or the law library, even accepting Hollingsworth's assertion in that regard at face value, does not provide a basis for equitable tolling. *See Smith v. United States*, No. 2:17-cv-284, 2018 WL 2845728, at *3 (S.D. Ohio June 11, 2018) (citing *Lacking v. Jenkins*, No. 2:15-cv-3069, 2016 WL 4505765, at *4 (S.D. Ohio Aug. 29, 2016)). "Courts have consistently held that general allegations of placement in segregation and lack of access to legal materials are not exceptional circumstances warranting

5

equitable tolling, especially where a petitioner does not sufficiently explain why the circumstances he describes prevented him from timely filing a habeas petition." *Andrews v. United States,* No. 17-1693, 2017 WL 6376401, at *2 (6th Cir. Dec. 12, 2017) (order). Indeed, a "lack of knowledge of the law, and limited access to the prison's law library or to legal materials do not justify equitable tolling" as those "conditions are typical for many prisoners, and therefore do not constitute extraordinary circumstances." *Chapman-Sexton v. United States,* No. 2:16-cr-00141(1), 2021 WL 292027, at *3 (S.D. Ohio Jan. 28, 2021), *report and recommendation adopted,* 2021 WL 982718 (S.D. Ohio Mar. 16, 2021). Put simply, Hollingsworth has neither shown that there has been some extraordinary circumstance that stood in his way, nor has he provided explanation of how he has otherwise been diligently pursuing his rights.

In sum, it is the movant's burden to demonstrate entitlement to equitable tolling. Hollingsworth has not done so on this record. He has neither demonstrated that legal authorities not being available to him constituted an "extraordinary circumstance" that prevented him from timely filing his § 2255 Motion or that he diligently pursued his rights even if lack of access to legal authorities was an extraordinary circumstance. Overall, Hollingsworth's circumstances are not "compelling equitable considerations" warranting tolling of his deadline. *Jurado,* 337 F.3d at 643.

The second problem with Hollingsworth's argument is that, even assuming Hollingsworth could successfully show he is entitled to equitable tolling, his contention that counsel was ineffective for failing to raise *Davis* is misplaced. It appears Hollingsworth does not understand that *Davis* and *Johnson* do not apply to him and his conviction under § 924(c).

*Johnson v. United States* invalidated the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). Under the ACCA, a defendant who is convicted of being a felon in possession of a firearm is subject to a mandatory minimum of 15 years in prison if he has

three prior convictions for a violent felony, a serious drug offense, or both. 18 U.S.C. § 924(e)(1). The ACCA defined a violent felony as including any prior felony conviction that "involves conduct that presents a serious potential risk of physical injury to another." *Id.* § 924(e)(2)(B). This phrase, known as the "residual clause," was found to be unconstitutionally vague by the Supreme Court in *Johnson.* 576 U.S. at 606. The holding in *Johnson* was later held to be retroactively applicable to cases on collateral review in *Welch v. United States,* 578 U.S. 120 (2016). But Hollingsworth was not charged with violating the ACCA.

In *United States v. Davis,* the Supreme Court considered a vagueness challenge to 18 U.S.C. § 924(c)(3)(B). Under 18 U.S.C. § 924(c), a person is prohibited from using or carrying a firearm "during and in relation to any crime of violence *or* drug trafficking crime" or possessing a firearm "in furtherance of any such crime." 18 U.S.C. § 924(c)(1)(A) (emphasis added). A "crime of violence" under § 924(c) is "an offense that is a felony" and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3). The first clause (§ 924(c)(3)(A)) is known as the "elements clause" of this statute and the second clause (§ 924(c)(3)(B)) is known as the "residual clause" of this statute. In *Davis,* the Supreme Court held that the residual clause of 18 U.S.C. § 924(c) is unconstitutionally vague. *Davis,* 588 U.S. at 470. To now be convicted of using a firearm during and in relation to a crime of violence, an offender must therefore satisfy the elements clause of § 924(c). The Sixth Circuit subsequently held that *Davis* created a new rule of constitutional law that retroactively applies to cases on collateral review. *See In re Franklin*, 950 F.3d 909, 911 (6th Cir. 2020) (per curiam) ("The Supreme Court's decision in *Welch v. United States,* [578 U.S. 120] (2016), establishes the retroactivity of *Davis.*").

While *Davis* is retroactively applicable to cases on collateral review, it is inapplicable to Hollingsworth's circumstance here. Hollingsworth's firearm charge arose under § 924(c)(1)(A), which, in his case, involved possessing a firearm "during and in relation to any . . . *drug trafficking crime.*" 18 U.S.C. § 924(c)(1)(A) (emphasis added); (*see also* R. 23 at Page ID 59, ¶ 5(d) (noting in Hollingsworth's plea agreement that he admitted he "was in possession of a gun during the transaction and admits the firearm was possessed in furtherance of the drug trafficking")). As previously stated, *Davis* held that the residual clause definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. *Davis*, 588 U.S. at 470. Hollingsworth's § 924(c) conviction can only be invalidated based upon *Davis* if his conviction was because he possessed a firearm during a "crime of violence" under the residual clause of that statute, § 924(c)(3)(B). Hollingsworth was specifically charged with § 924(c)(1)(A) because of his possession of a firearm in furtherance of *drug trafficking,* which drug trafficking was charged in Count 4 of the Indictment and to which Count 4 Hollingsworth also pleaded guilty. Therefore, *Davis* does not apply, and his counsel could not have rendered constitutionally ineffective assistance by not raising legal arguments that plainly did not apply to him. *See Davis v. United States,* No. 21-5967, 2022 WL 14177205, at *3 (6th Cir. June 17, 2022) ("[C]ounsel cannot be ineffective for a failure to raise an issue that lacks merit.") (quoting *Greer v. Mitchell,* 264 F.3d 663, 676 (6th Cir. 2001)).

Accordingly, having provided Hollingsworth by this Report and Recommendation with "fair notice" of the timing and merit deficiencies with his March 28, 2025, filing of his § 2255 Motion, it will be recommended that his § 2255 Motion be denied. *See Day v. McDonough*, 547 U.S. at 210.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Federal Rules Governing Section 2255 Proceedings, the district court must issue or deny a certificate of appealability (COA) when it enters a final order

adverse to the applicant. A certificate may issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (addressing issuance of a COA in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought pursuant to 28 U.S.C. § 2255). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. "When the district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

In this case, reasonable jurists would not debate the denial of Hollingsworth's § 2255 Motion or conclude that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003), because he acknowledges he has not satisfied § 2255(f) and he has not alleged sufficient circumstances to satisfy equitable tolling. Neither do his grounds raised have merit. Jurists of reason would not find this determination fairly debatable or wrong. Accordingly, it also will be recommended that a certificate of appealability be denied upon the entry of a final order in this matter.

IV.   **CONCLUSION AND RECOMMENDATIONS**

Accordingly, **IT IS RECOMMENDED** that:

1)   Hollingsworth's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (R. 43) **be denied**;

9

2) a Certificate of Appealability **be denied** in conjunction with the entry of a final order in this matter; and

3) Hollingsworth's related collateral civil proceeding **be dismissed and stricken** from the active docket of this Court.

The Court directs Hollingsworth to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(b). Within fourteen (14) days after being served with a copy of this Report and Recommendation, Hollingsworth may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Judge. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Judge and Sixth Circuit Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Signed this 14th day of April, 2025.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

G:\Judge-CJS\DATA\habeas petitions\2255 prelim review\22-12-DCR Hollingsworth R&R final.docx

10