UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 5: 22-012-DCR |
| Plaintiff/Respondent, ) | and |
| ) | Civil Action No. 5: 25-102-DCR |
| V. ) | |
| ) | |
| RONDALL S. HOLLINGSWORTH, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant/Movant. ) | |

*** *** *** ***

Defendant/Movant Rondall Hollingsworth filed a *pro se* motion to vacate, set aside, or correct his sentence filed pursuant to 28 U.S.C. § 2255. [Record No. 43] The motion was referred to United States Magistrate Judge Candace J. Smith for preparation of a Report and Recommendation ("R&R"). Thereafter, Magistrate Judge Smith issued an R&R, recommending that Hollingsworth's motion be denied. [Record No. 44]

The 14-day period for filing objections to the R&R has expired; however, no objections have been filed. And while the Court is not required to conduct a *de novo* review the magistrate judge's determinations in the absence of objections, it has done so and agrees with her analysis and conclusions. *See Thomas v. Arn*, 474 U.S. 140, 153 (1985).

**I.**

Pursuant to a written plea agreement, Hollingsworth entered a plea of guilty on April 13, 2022, to possessing a firearm following a felony conviction in violation of 18 U.S.C. § 922(g)(1) (Count 1), distributing methamphetamine and cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 4), and possessing a firearm in furtherance of his drug trafficking crimes in

violation of 18 U.S.C. § 924(c)(1)(A) (Count 5). [Record No. 23] Thereafter, he was sentenced to a total term of 94 months imprisonment, followed by a five-year term of supervised release. [Record No 30] In accordance with the terms of his plea agreement, Hollingsworth did not appeal his guilty plea, conviction or sentence.[1]

On April 2, 2025, Hollingsworth filed the present § 2255 motion to Vacate, Set Aside, or Correct his sentence, arguing that counsel provided ineffective assistance by recommending that he accept the United States' plea offer and not seek dismissal of the case under the Supreme Court's decision in *United States v. Davis*, 588 U.S. 445 (2019). [Record No. 43] But in addition to being time-barred, the defendant's motion fails on the merits.

## II.

First, the magistrate correctly determined that Hollingsworth's motion is time-barred. Section 2255 motions are subject to a one-year filing statute of limitations. 28 U.S.C. § 2255(f). In relevant part, the one-year limitation period runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).

The Judgment in Hollingsworth's case was entered on July 29, 2022. [Record No. 30] Inasmuch as Hollingsworth did not file a direct appeal to the Sixth Circuit, his judgment became final after his fourteen-day period to appeal expired (August 12, 2022). Fed R. App. P. 4(b)(1)(A)(i); *Moore v. United States,* 2025 WL 52901 (6th Cir. January 2, 2025). Thus,

---

[1] In exchange for concessions by the government, Hollingworth waived the right to appeal the guilty plea, conviction and sentence, provided that the Court did not impose a sentence of imprisonment exceeding the *higher of*: (i) the advisory guideline range of incarceration as determined by the Court at the time of the sentencing hearing *or* (ii) the statutory minimum sentence. *See* Plea Agreement, ¶ 11 [Record No. 23]

although Hollingsworth had until August 12, 2023, to file his § 2255 motion, he did not do so until March 28, 2025, or more than 19 months after the deadline expired.

Equitable tolling may apply to the one-year limitations period in limited circumstances. If applicable, such tolling "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010). However, a movant seeking to equitably toll the statue has the burden to demonstrate that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010).

Hollingsworth alleges that the limitations period on his motion should be tolled because while he was serving his sentence, he learned of the Supreme Court's decisions in *United States v. Davis*, 588 U.S. 445 (2019). and *Johnson v. United States*, 576 U.S. 591 (2015). He argues that these opinions are applicable and that his counsel ineffectively represented him by failing to argue for their application but, instead, encouraging him to enter a guilty plea to Count 5 of the indictment. [Record No. 43] Hollingsworth contends that he only recently learned of the holdings in these cases and therefore only recently realized his counsel's representation was ineffective.

But even if it is true that Hollingsworth only learned of these decisions recently, he cannot demonstrate that he has pursued his rights diligently. More specifically, a lack of access to legal materials and legal knowledge does not constitute an extraordinary and compelling circumstance to justify equitable tolling. *See Smith v. United States*, No. 2:17-cv-284, 2018 WL 2845728, at *3 (S.D. Ohio June 11, 2018) (*citing Lacking v. Jenkins*, No. 2:15-cv-3069, 2016 WL 4505765, at *4 (S.D. Ohio Aug. 29, 2016)). "Courts have consistently held that

general allegations of placement in segregation and lack of access to legal materials are not exceptional circumstances warranting equitable tolling, especially where a petitioner does not sufficiently explain why the circumstances he describes prevented him from timely filing a habeas petition." *Andrews v. United States*, No. 17-1693, 2017 WL 6376401, at *2 (6th Cir. Dec. 12, 2017). In fact, these circumstances are typical for prisoners and are much more ordinary than extraordinary.

Second, even if Hollingsworth had demonstrated an entitlement to equitable tolling, his motion would fail because the holding in *Davis* is inapplicable here. In *Davis*, the Supreme Court held that the phrase "any crime of violence" contained in 18 U.S.C. § 924(c) is unconstitutionally vague. *Davis*, 588 U.S. at 470. However, § 924(c) also provides that a person is prohibited from using a firearm during commission of a "drug trafficking" crime. Hollingsworth was specifically charged under § 924(c)(1)(A) because of his possession of a firearm in furtherance of a drug trafficking crime, as charged under Count 4 of the indictment, and to which he pled guilty. Thus, the "unconstitutionally vague" portion of § 924(c) and the holding in *Davis* does not apply to his conviction. His counsel cannot have been deemed ineffective by not raising an argument that does not apply to him. *See Davis v. United States*, No. 21-5967, 2022 WL 14177205, at *3 (6th Cir. June 17, 2022) ("[C]ounsel cannot be ineffective for a failure to raise an issue that lacks merit.") (*quoting Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)).

### III.

Finally, a Certificate of Appealability will not issue regarding Hollingsworth's claim of ineffective assistance. *See* Rule 11 of the Rules Governing § 2255 Proceedings; 28 U.S.C. § 2253(c)(1)(B). A Certificate of Appealability is appropriate only if the defendant makes "a

substantial showing of the denial of a constitutional right." § 2253(c)(2). To satisfy this burden, he must show that reasonable jurists could debate whether the motion should have been resolved differently or that the issues involved "deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, reasonable jurists would not debate the conclusions reached herein. Hollingsworth's motion was not filed timely and there is no extraordinary circumstance to justify the delay. Moreover, his contention that his counsel's assistance was ineffective is wholly without merit.

### IV.

Based on the above discussion and analysis, it is hereby

**ORDERED** as follows:

1. United States Magistrate Judge Candace J. Smith's Report and Recommendation [Record No. 44] is **ADOPTED** in full and **INCORPORATED** here by reference;

2. Defendant/Movant Hollingsworth's motion to vacate, correct, or set aside his sentence filed pursuant to 28 U.S.C. § 2255 [Record No. 43] is **DENIED**;

3. Defendant/Movant Hollingsworth's collateral proceeding is **DISMISSED**, with prejudice, and **STRICKEN** from the docket; and.

4. A Certificate of Appealability will not issue.

Dated: May 5, 2025.



Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky